**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANDRES BRYAN BELLO BLANCO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1157-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Andres Bryan Bello Blanco, a citizen of Cuba proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[1] (Doc. 1).[2] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 7), Respondents timely filed a Response. (Doc. 9). Petitioner timely filed a Reply. (Doc. 12). As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral

---

[1] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

Petitioner is a citizen of Cuba who entered the United States without inspection on or about February 10, 2022. (Doc. 9, at Ex. 1). On February 12, 2022, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled. (*Id.*) That day, ICE released Petitioner on his own recognizance. (Doc. 1, at Ex. 1, at 3). On April 13, 2026, ICE re-detained Petitioner under an administrative warrant. (Doc. 9, at Ex. 2; Doc. 1, at 18). On May 28, 2026, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. (Doc. 9, at Ex. 3; Doc. 9, at 1-2). Petitioner has not had a bond hearing before an immigration judge and asserts that seeking such a hearing would be futile because the immigration judge "would have found he lacked jurisdiction" to grant bond. (Doc. 1, at 3).

An immigration judge ordered Petitioner's removal on June 30, 2026. EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited July 29, 2026). Petitioner appealed the removal order on July 2, 2026, and the appeal is currently pending. *Id.* Thus, his removal order is not administratively final. 8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1. His detention is governed by 8 U.S.C. § 1226(a), not § 1225(b). (Doc. 1, at 38-39).

2. His continued, mandatory detention violates the Cuban Adjustment Act, 8 U.S.C. § 1255(a) and 8 C.F.R. § 245.2(a)(4)(ii). (*Id.* at 39-40).

3. His continued detention violates due process. (*Id.* at 40).

As relief Petitioner requests immediate release from custody or, alternatively, a bond hearing under § 1226(a). (*Id.* at 40-41). Petitioner also requests an award of attorney fees and costs authorized by law.[3] (*Id.* at 41).

Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing. (Doc. 9, at 2). Respondents also state that if "the Court adopt[s] its prior reasoning and rule[s] against the Respondents on the § 1225(b)(2)(A) issue, it should not rule further" including on any constitutional claim. (*Id.* at 2-3). Respondents additionally contend that "as Petitioner has not been inspected and admitted or paroled into the United States, he is not eligible to adjust under the Cuban Refugee Adjustment Act." (*Id.* at 3).

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention"). Accordingly, the Court need not address this request at this juncture.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention. Under the INA, detention of aliens who are "applicants for admission"[4] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[5]

---

[4] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13).

[5] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. *Id*. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals ("BIA"). *Id*. § 236.1(d)(3).

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz*, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *5 (10th Cir. Jun. 30, 2026). The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id*. at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

That Petitioner has made an application for asylum does not render him "seeking admission" and thereby subject to § 1225(b)(2)(A). This is because "a noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States." *Id.* at *6. But "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country" because "a person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* (citation modified). And while "a noncitizen can request legal status even after he has entered the United States unlawfully," "he cannot request admission after the fact." *Id.* Thus, Petitioner's post-entry attempt to seek legal status does not make detention proper under § 1225(b)(2)(A).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.[6]

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 5, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[7] The Court advises the parties that failure to make timely objection to this report

[6] Because the undersigned recommends granting habeas relief on the basis of Petitioner's INA claim, it is unnecessary to address his due process claim or his claim under the Cuban Adjustment Act.

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may

and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 29th day of July, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").