**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

ANDRES BRYAN BELLO BLANCO,    )
           )
      Petitioner,    )
           )
v.           )    Case No. CIV-26-1157-J
           )
FRED FIGUEROA, et al.,    )
           )
      Respondents.    )

## ORDER

Petitioner Andres Bryan Bello Blanco, a citizen of Cuba, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 16] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection [Doc. No. 17], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Cuba who entered the United States without inspection on or about February 10, 2022. On February 12, 2022, ICE instituted removal proceedings against him through the issuance of a Notice to Appear, alleging he was an alien present in the United States who had not been admitted or paroled, and released him on his own recognizance. On April 13, 2026, ICE re-detained Petitioner under an administrative warrant. On May 28, 2026, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. An immigration judge ordered Petitioner's removal on June 30, 2026. Petitioner appealed the removal order on

July 2, 2026, and the appeal is currently pending.  Petitioner's removal order, therefore, is not administratively final.

Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case and request that any order be limited to ordering Respondents to provide a bond hearing within seven days.[1]  Obj. at 1.  In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 16] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows:  Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release Petitioner if he has not received a hearing within that period.  Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 5th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] Respondents further note the Department of Homeland Security filed a motion for bond hearing in the Immigration Court following the issuance of the R&R and Petitioner's bond hearing is currently set before the Immigration Court on August 6, 2026.